His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the 'Court, as follows:
Appellee moves to dismiss on the ground that the motion of appeal herein filed and the order thereon rendered are uncertain and indefinite, and it cannot be ascertained therefrom whether a devolutive or suspensive appeal has been taken or either or both; and in the alternative that the appellant alleges no error in the judgment from which he appeals, and is therefore without right of appeal.
In Montagnet vs. Begault, 8 Ct. of Appeal, p. 433, 434, where a motion to dismiss was made on the ground that *424 the bonds given did not mention the character of the appeals taken, we held that tne character of an appeal is determined by the law itself, depending upon the time at which the appeal is taken and the amount of the bond furnished, (citing C. P., 575) and refused to dismiss the appeal.
Opinion and decree, April 10th, 1916.
There is nothing in the law which requires that the character of the appeal taken should be mentioned in the motion or order of appeal; and it has been the'uniform practice of the appellate Courts of this State to guide themselves, not by the recitals of the motion and order, but by the nature and amount of the bond given, and the time within which the appeal has been taken. Thus appeals taken and allowed as “suspensive,” have invariably been maintained as “devolutive,” when the conditions were wanting for the former, but present for the latter; even though no “devolutive” appeal toi tidem verbis had been prayed for or allowed.
Nor does the law require a party appealing to recite in his petition or motion that the judgment appealed from is erroneous. It is sufficient that he intends to appeal, and gives notice of his intention to do so, which is warrant sufficient for the 'Court to grant the appeal and fix the conditions. C. P., 573, 574. For the Judge has nought to do with the motive prompting the exercise of the legal right of appeal. State ex rel. Dufard vs. Recorder, 45 An., 1209. And the very fact of asking for an appeal evidences that the party feels aggrieved by the judgment.
Lee vs. Foley, 113 La., 663.
Motion denied.
Syllabus.
On The Merits.
A bank receiving on deposit for collection plaintiff’s own check on a non-resident bank is not liable for failure to protest the check for non-payment and to give immediate notice thereof to the plaintiff, when it did give notice of non-payment to the plaintiff in time for it to have used the same steps it might have taken against the drawee bank had earlier notice been given, and no damages is shown by the delay in giving notice.
Appeal from the Civil District Court for the Parish of Orleans, Division “D,’’ No. 106,577. Honorable Porter Parker, Judge.
Grant & Grant, for plaintiff and appellant.
McCloskey & Benedict, for defendant and appellee.